1  STEPHEN YAGMAN (SBN 69737)
   filing@yagmanlaw.net
2  YAGMAN + REICHMANN, LLP
   333 Washington Boulevard
3  Venice Beach, California 90292-5152
   (310) 452-3200
4
5  Attorneys for Plaintiff

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11

| C. FINLEY, AND A CLASS REPRESENTED BY C. FINLEY. | No. |
|---|---|
| Plaintiff, | **COMPLAINT** (42 U.S.C. § 1983) |
| v. | |
| GAVIN CHRISTOPHER NEWSOM, STEVEN GORDON, KATHLEEN K. WEBB, TAMMA ADAMEK, AJAY GUPTA, ANITA GORE, BARRY STEINHARDT, ROBERT CROCKETT, SONIA HUESTIS, COLEEN SOLOMON, RICO RUBIONO, SCOTT GREMINGER, RANDY VERA, JENNIFER BERRY, TRINA WASHINGTON, BERNARD SORIANO, and 20 UNKNOWN NAMED DEFENDANTS, 1-20 | **CLASS ACTION ALLEGATTIONS** **JURY DEMAND** |
| Defendants. | |

## JURISDICTION AND VENUE

1. Plaintiff, **C. FINLEY**, for herself and on behalf of class members, asserts federal claims, under 42 U.S.C. § 1983 (civil rights) and 18 U.S.C. § 1961-64 (RICO) against defendants, subject matter jurisdiction lies pursuant to 28 U.S.C. §

1331 of the federal claims, and defendants' conduct affects and interferes with interstate commerce.

2. The matters that are the bases for this action occurred in Los Angeles County, California, and in the City of Los Angeles, and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff is a California resident, who is not a member of the Automobile Club of Southern California ("Auto Club"), and defendants are **GAVIN CHRISTOPHER NEWSOM**, the Governor of California, and California Department of Motor Vehicles ("DMV") personnel, **STEVEN GORDON**, director, **KATHLEEN K. WEBB**, chief deputy director, **TAMMA ADAMEK**, assistant chief deputy director, **AJAY GUPTA**, chief digital transformation officer, **ANITA GORE**, director of office of public affairs, **BARRY STEINHARDT**, deputy director of legislative affairs, **ROBERT CROCKETT**, deputy director of administrative services division, **SONIA HUESTIS**, deputy director of customer services division, **COLEEN SOLOMON**, deputy director of field operations division, **RICO RUBIONO**, deputy director of information systems, **SCOTT GREMINGER**, acting deputy director of investigations division, **RANDY VERA**, deputy director investigations division, **JENNIFER BERRY**, acting deputy director of legal affairs division, **TRINA WASHINGTON**, deputy director of licensing operations division, and **BERNARD SORIANO**, deputy director of registration operations division, and **20 UNKNOWN NAMED DEFENDANTS, 1-20**, and the **UNKNOWN NAMED DEFENDANTS**, whose true identities presently are unknown, who participated in the wrongful acts alleged hereinbelow, whose conduct is culpable, and whose

unknown names will be replaced by their true identities, when those true identities are learned, or are persons and/or entities whose true names presently are unknown, and who may have engaged in some conduct that is culpable with respect to plaintiff, as set forth hereinbelow.  All defendants engaged in the same conduct by participating in, facilitating, and making the decisions, and played some part in the wrongful conduct alleged hereinbelow.

4. Defendants each and all are sued in both their individual capacities, and in their official capacities, for the claims made under *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978), with respect to which defendants are sued in their official capacities only.

5.  Defendants and each of them played some material role in the acts and/or omissions alleged hereinbelow, and in the setting of policies and enforcement of California policy and in running and administering the DMV, and in the wrongful conduct set forth hereinbelow.

## ALLEGATIONS COMMON TO EACH COUNT

6.  Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this pleading.

7.  All acts and/or omissions perpetrated and/or engaged in by each defendant in their individual capacities were done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive and/or intent, in disregard of the rights of plaintiffs and class members, and in clear violation of the federal Constitution and of the California Constitution, and of controlling federal law, both statutory and common law, as set forth by both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit.

8.  All of the actions by defendants were done in concert, conspiratorially, and were both attempts to do and the doing of things that constitute extortion under both state and federal law and which obstruct justice, all as set forth more fully hereinbelow.

9.  On July 13, 2021, defendants entered into an agreement with and delegated to the Automobile Club the quintessentially and solely-state-function of issuing so-called "real IDs," but only to those who pay to join and who join the Auto Club[1] as its members, thus conferring an unwarranted benefit on those who can afford to pay the fee to join the Automobile Club, which joining and membership require payment of a one-time, $20 admission fee and a yearly membership fee of $56.  This is evidenced by the DMV Office of Public Affairs "for immediate release" document that was published on July 13.  Exhibit 1 hereto.

10.  This means that, in order to avoid the horrible and nightmarish conditions at the State's DMV offices, those who can afford to fork over $76 to a private insurance company can jump the line, avoid the DMV, and get a Real ID.

11.  Defendants in press releases heralded this delegation of government authority as the DMV teaming up with Auto Club members to provide them "a chance to avoid DMV visits and instead get their drivers' licenses upgraded to Real IDs."

12.  All defendants at all times acted under color of state law, in setting up and/or approving of this gambit for rich folks, at the expense of the poor, huddled masses.

14.  All defendants' actions violated plaintiff's constitutional rights, as set forth hereinbelow.

---

[1]  Contrary to public understanding, the Auto Club is not a "club" in the sense that term commonly is used or understood, like, for example, the New York Athletic Club or the Los Angeles Jonathan Club, but rather is an insurance company, who holds itself out, in the first instance, as a provider of emergency road-side services.

4

15.-99.  Reserved.

## COUNT 1

**(Fourteenth Amendment: Equal Protection Clause, Due Process Clause, and Privileges and Immunities Clause Violations, against all defendants, in both their individual and official capacities, 42 U.S.C. § 1983)**

100.  The Due Process Clause of the U.S. Constitution provides "nor shall any State deprive any person of life, liberty, or property, without due process of law[,]"  the Equal Protection Clause provides "nor shall [any State] deny to any person within its jurisdiction the equal protection of the laws[,]" and the Privileges and Immunities Clause provides that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

101.  The defendants' behavior alleged herein was knowing and intentional, and was so egregious, so outrageous, that it fairly may be described as shocking to the conscience, and also it is arbitrary and capricious action by the government, and is an exercise of power without any reasonable justification or legitimate governmental purpose, plain and simple, it is government discrimination , it violates the decencies of civilized conduct in a civilized society, it is offensive, and it does not comport with basic concepts of fair play and decency, so that it violates plaintiff's substantive due process rights under the Fourteenth Amendment, because it is the government using its vast power arbitrarily and oppressively.

## COUNT 2

**(*Monell* Violations, against all defendants, against all defendants, in their official capacities 42 U.S.C. § 1983)**

102.  Defendants' wrongful conduct under of color of law occurred so that each defendant knowingly, intentionally, grossly negligently, recklessly, and with deliberate indifference to the rights allegedly violated, caused to come

into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, and/or took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in the immediately-preceding Count, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to themselves and/or their personnel with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by plaintiff and class members, pursuant to the principles set forth in *Monell v. Dep't of Social Services* and its progeny.

## COUNT 3
### (Conspiracy, against all defendants, in both their individual and official capacities, 42 U.S.C. § 1983)

103. All defendants, and the Auto Club and its officers who approved the arrangement between the DMV and the Auto Club, and each of them understood and agreed that they all would act in combination in the manners described hereinabove and then overt acts were undertaken to carry out their schemes, both hereinabove and hereinbelow.

## COUNT 4
### (Eighth Amendment, Excessive Fines Imposition Violations, against all defendants in both their individual and official capacities, 42 U.S.C. § 1983)

104. The Eighth Amendments' Excessive Fines Clause provides that "nor shall excessive fines [be] imposed." Trying to force persons to pay an extra $76 in order to obtain a Real ID constitutes an attempt to impose an excessive fine.

105. A fine is "excessive" if it is not proportional to and related to the gravity of the conduct that it is designed to address.

106.  The factors to be considered are the nature and extent of the underlying conduct (none), whether the underlying conduct is related to other illegal activities (none), whether other penalties may be imposed for the conduct (none), and the extent of the harm caused by the conduct (none).

107.  Defendants by attempting to impose an additional charge of $76 to deprive a non-Auto Club member deprives a poor person or her or his money, and amounts to an excessive and unconstitutional fine, in violation of the Eighth Amendment.

## COUNT 5
### (*Monell* Violations, against all defendants, in their official capacities, 42 U.S.C. § 1983)

108.  Defendants' wrongful conduct under of color of law occurred so that each defendant knowingly, grossly negligently, recklessly, and with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, and/or took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in the immediately-preceding Count, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to themselves and/or their personnel with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by plaintiff and class members, pursuant to the principles set forth in *Monell v. Dep't of Social Services* and its progeny.

//

//

**COUNT 6**
**(Conspiracy, against all defendants, in their individual and official capacities, 42 U.S.C. § 1983)**

109. All defendants and each of them understood and agreed that they all would act in combination in the manners described hereinabove and then overt acts were undertaken to carry out their schemes, both hereinabove and hereinbelow.

**COUNT 7**
**(Right to Travel Violations, against all defendants in both their individual and official capacities, 42 U.S.C. § 1983)**

110. The right to travel, both intrastate, interstate, and intra-municipal, is both a federal right and a state right, which state right has become a part of the federal right to substantive due process of law, and is a basic human right, and as such is a right implicit in the concept of a democratic society that is one of the attributes of personal liberty under the common law.

111. There is a California constitutional, substantive right to travel, and it recognizes the federal right to interstate travel -- the basic right to go from one place to another, and both state and federal courts recognize the right to travel as a fundamental right that is entitled to constitutional protection, under *both* state and federal law.

112. The right to intrastate travel, within a municipality, is a federal right, the enforcement of which is the § 1983 remedy, and also it is a federal right because it is incorporated in the substantive Due Process Clause of the Fourteenth Amendment, the enforcement of which also is the § 1983 remedy, and therefore, plaintiff may enforce her state right to travel under § 1983. Driving a motor vehicle is an inherent and necessary part of the right to travel in 2021 America, and by trying to increase the cost of plaintiff's drivers' license by $76, defendants unconstitutionally infringed on plaintiff's rights to travel.

1  //

2

## COUNT 8

3

### (*Monell* Violations, against all defendants, in their official capacities, 42 U.S.C. § 1983)

4

5       113.  Defendants' wrongful conduct under of color of law occurred

6  so that each defendant knowingly, grossly negligently, recklessly, and with

7  deliberate indifference to the rights allegedly violated, caused to come into being,

8  maintained, fostered, condoned, approved of, either before the fact or after the

9  fact, ratified, and/or took no action to correct, an official policy, practice,

10  procedure, or custom of permitting the occurrence of the categories of wrongs set

11  forth in the immediately-preceding Count, and/or improperly, inadequately, with

12  deliberate indifference to the constitutional or other federal rights of persons,

13  grossly negligently, with reckless disregard to constitutional or other federal

14  rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or

15  to take corrective action with respect to themselves and/or their personnel with

16  respect to the types of wrongful conduct alleged in this pleading, so that each one

17  of them is legally responsible for all of the injuries and/or damages sustained by

18  plaintiff and class members, pursuant to the principles set forth in *Monell v. Dep't*

19  *of Social Services* and its progeny.

20

## COUNT 9

21

### (Conspiracy, against all defendants, in their individual and official capacities, 42 U.S.C. § 1983)

22

23       114. All defendants and each of them understood and agreed that they all

24  would act in combination in the manners described hereinabove and then overt

25  acts were undertaken to carry out their schemes, both hereinabove and

26  hereinbelow.

27       115.-141.  Reserved.

28  //

9

//

//

### COUNT 10
**(Racketeer Influenced and Corrupt Organizations, RICO, for Extortion, Under Both State and Federal Law, and Obstruction of Justice, against all defendants in both their individual and official capacities)**

142.  By doing the things alleged hereinabove, and/or aiding or abetting them, defendants thereby engaged in and committed the related RICO predicate acts, with similar purposes, results, participants, victims, and methods of commission, over a long and continuing period of time, with a threat of continued racketeering activity, of extorting plaintiff to join the Auto Club, under both state and federal law, and obstruction of justice, and continue to commit extortion, under both state and federal law, and obstruction of justice, all by using instrumentalities of interstate commerce to accomplish their crimes, and thereby are liable under the civil RICO statute, as set forth hereinbelow.

### Rico Predicate Acts

143.  **Extortion**  The attempted extortion occurred as follows:  defendants attempted to cause plaintiff to join the Auto Club and turn over $76 to the Auto Club in order to join it.

144.  **Obstruction of Justice**  The obstruction of justice occurred by defendants preventing plaintiff from exercising her federal constitutional rights, as set forth hereinabove.

146.  Each defendant, in his/her own right, and all defendants together, collectively, as well as their employees, are all enterprises and associated-in-fact enterprises, within the meaning of 18 U.S.C. 1961(4), and therefore are RICO enterprises.

147.  Each and all of defendants' activities affect interstate commerce as well as intrastate and interstate travel.

148.  Each defendant received and receives income, directly and/or indirectly, by way of insurance premiums, salary, compensation, reimbursement for expenses and costs of towing, *per diem* costs reimbursements, meals, lodging, and/or travel, pensions, *etc.*, from the pattern of racketeering activity alleged herein, and used and uses that income in the acquisition of an interest in and/or operation of the enterprise, in violation of 18 U.S.C. 1962(a), and acquired and/or maintained control over said racketeering enterprise through a pattern of racketeering activities, as set forth herein, in violation of 18 U.S.C. 1962(b).

149.  Defendants conducted and/or participated, and continue to conduct and participate in, said enterprises' affairs through a pattern of racketeering activities, in violation of 18 U.S.C. 1962(c).

150.  The pattern of racketeering activities included, and continues to include, a continuous pattern and practice potentially involving activities, including the RICO predicates of extortion and obstruction of justice, and defendants' defense of the instant action is and will continue to be and will be a continuation and a part of its RICO schemes, so that those who may participate in the defense of this action may make themselves liable under RICO.

151.  Defendants' associated-in-fact enterprises constitute a present and continuing threat of harm and additional RICO violations.

152.  The enterprises' activities have occurred on more than one, over at least the past 10 years, and have been done on numerous occasions and constitute at least one hundred separate acts, as set forth hereinabove, not including the acts that will be included as part of the defense of the instant action.

153.  At least more than two RICO predicate acts have occurred.

154.  The wrongful acts described in the matters enumerated hereinabove occurred over a significant period of time, and are related in that they evidence civil RICO predicates, including extortion, and obstruction of justice, and they

11

pose a threat of continued criminal activity, have the same or similar purposes, results, participants and kinds and categories of participants, victims, methods of commission, and are otherwise interrelated by their common characteristics and participants, they are not isolated events, but are both continuous and systemic, and each and all constitute a continuing pattern of racketeering activity and constitute a long term threat of continuing racketeering activity.

155.   The activities led to defendants' control of and acquisition over the enterprises and resulted in the injuries to plaintiff and class members, as alleged herein, which resulted from defendants' participation in and control of the enterprises.

156.   By failing to prevent the wrongful conduct herein alleged, misconduct that amounted to racketeering activities, all managerial and non-managerial employees and/or officers and/or agents of defendants engaged in and condoned racketeering activities.

157.   The willful and/or negligent mismanagement of the enterprises, with knowledge by defendants charged with management, and potentially other defendants, that they were and continue to be operated as a RICO enterprises, directly caused the harm to plaintiffs, as alleged herein.

158.   The enterprises are RICO enterprises because they have hierarchical structures and consensual structures for making decisions, and those structures have an existence beyond that which is necessary to commit the RICO predicate acts alleged herein, in that the hierarchical and consensual structures exist to accomplish doing business, and the structures for decision-making exist separate and apart from the racketeering activities.

159.   Each defendant unlawfully conspired with others, including other defendants, by understanding and agreeing to do and taking overt actions to support the matters hereinabove alleged, to violate the provisions of 18 U.S.C.

1962(b), (c), and (d), and, on information and belief, continued and continue to do so with the aid and assistance of co-conspirators.

160.-272. Reserved.

## CLASS ACTION ALLEGATIONS

273. Plaintiffs are members of the discrete class of persons, whose defining characteristic is that they are persons with California drivers' licenses who are not members of the Auto Club and who wish to obtain Real ID drivers' licenses.

274. This class contains at least 100,000,000, and the class is so numerous so that joinder of all members is impracticable.

275. There are only common questions of fact and of law with respect to all class members.

276. The claims made by the representative party, plaintiff, are typical of the claims of each class member.

277. The representative of the class, plaintiff, fairly, vigorously, and zealously will represent and adequately protect the interests of all class members, both herself and through her zealous attorney.

278. Prosecution of separate actions by individual class members would create a risk of inconsistent and/or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the class, and defendants have acted and will continue to act on grounds generally applicable to every class member, and the class questions not only predominate but are the only questions that exist, and this action is the superior manner to other available methods for fairly and efficiently adjudicating the controversy.

279. Specifically, the class members' interests in individually controlling the prosecution or defense in separate actions do not exist, and there are no anticipated difficulties in managing this class action, especially as to identification

of the amount of damages, identification of class members, and providing actual notice to virtually all class members.

280.  Therefore, this action is maintainable under F.R. Civ. P. Rule 23(a), & 23(b)(1)(A),(B)(1) and (3).

281.  The nature of the notice to be provided to class members would be that the defendants would announce that it no longer would delegate to the Auto Club the state function of issuing Real ID drivers' licenses.

**WHEREFORE**, plaintiff and class members request relief against each defendant as follows:

1.  Compensatory damages of $76 for all non-RICO violations;

2.  Punitive damages, in a sum to be determined by a jury, and as a percentage of the net worth of each defendant, in a sum sufficient to deter future misconduct, and not less than $1,000,000.00 per defendant;

3.  Compensatory damages of $76 for the RICO violations, and trebling of them;

4.  The costs of action and interest;

5.  Attorneys' fees; and,

6.  Such other relief as is just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues.

**YAGMAN + REICHMANN, LLP**

By:  /s/  Stephen Yagman
**STEPHEN YAGMAN**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

# *GET A REAL ID AT SELECT AUTO CLUB LOCATIONS*

Contact: Office of Public Affairs
2415 First Avenue
Sacramento, CA 95818
(916) 657-6437 | dmvpublicaffairs@dmv.ca.gov [mailto:dmvpublicaffairs@dmv.ca.gov]

**FOR IMMEDIATE RELEASE**
**July 13, 2021**

*DMV partners with Automobile Club of Southern California to temporarily offer this convenient option*

**Los Angeles** – The California Department of Motor Vehicles will soon offer members of the Automobile Club of Southern California (AAA) the opportunity to get a REAL ID at select offices for a limited time by appointment only. This new pilot program is scheduled to roll out to 19 Auto Club locations later this month.

Before heading to a participating Auto Club location, members will need to first visit REALID.dmv.ca.gov [http://www.REALID.dmv.ca.gov] to fill out the online application, upload documents, schedule an appointment, and pay the required driver's license or identification card fee. Members must show their confirmation code and required documents to the DMV representative at the Auto Club office, who will use a mobile tablet to capture their fingerprint, snap a photograph, and allow for an electronic signature to complete the application process. The pilot is scheduled to run through December.

"The DMV continues to streamline its processes and incorporate technology to become more mobile and better serve its customers through more convenient service options," DMV Director Steve Gordon said at a news conference today at the Los Angeles AAA office on Figueroa Street, where the DMV showcased the limited time service option. "We hope our partnership with the Automobile Club of Southern California will prompt its members to get their REAL ID now and not wait until the last minute."

"The Auto Club is excited to work with the DMV to move beyond our regular vehicle registration services offered today to include expanded access to Real ID by offering the service to members in select branches," said Auto Club Senior Vice President for Member Services Michael Johnson. "A big part of the Auto Club's member services is providing travel planning, through our expert travel advisers. Getting a Real ID will add significant convenience to those who have plans to travel. The Auto Club is proud to have partnered with the DMV since 1915 to offer select DMV services at Auto Club branch locations."

Starting May 3, 2023, the U.S. Department of Homeland Security will require a valid passport or other federally approved document [https://www.tsa.gov/travel/security-screening/identification], like a REAL ID driver's license or identification card, to board flights within the United States and access secure federal facilities and military bases.

The DMV plans to offer REAL ID services at the following Auto Club of Southern California offices by the end of July.

Alhambra

Costa Mesa

Long Beach

Redlands

Arcadia

Fullerton

Los Angeles

Riverside

Camarillo

Inglewood-Ladera

Manhattan Beach

San Diego – Clairemont

Chatsworth

Laguna Hills

Northridge

Santa Barbara

Chino

La Quinta

Rancho Palos Verdes

**Complete Other Transactions Online:** Most DMV tasks do not require an office visit. The DMV encourages customers to use its online services [https://dmv.ca.gov/portal/dmv-online/] and other service channels to complete transactions, including eligible driver's license and vehicle registration renewals. Customers can also use the Service Advisor [https://dmv.ca.gov/portal/make-an-appointment/service-advisor/] on the DMV website to learn their options to complete DMV tasks.

###

*Never miss the latest news from the California DMV. Sign up now to receive customized information on DMV related topics. To subscribe or unsubscribe, visit DMV News Alerts:* https://www.emailalert.dmv.ca.gov/DMVEmail Alert/ [https://www.emailalert.dmv.ca.gov/DMVEmail Alert/]